UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JAMES E. WOOD, on behalf of himself and others similarly situated, | Case No.: |
| | **Class Action Complaint** |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| NPAS SOLUTIONS, LLC, | |
| Defendant. | |

## NATURE OF ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## PARTIES

2. James E. Wood ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Pasco, and City of Hudson.

3. Plaintiff was allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

4. Plaintiff's alleged obligation, owed or due, or asserted to be owed or due, was, upon information and belief, acquired from the original creditor for collection by Defendant after default, or Defendant treated the obligation as if it were in default from the time that Defendant acquired it for collection, and arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or

household purposes—namely, a medical debt allegedly owed to Regional Medical Center Bayonet Point (the "Debt").

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NPAS Solutions, LLC is a Tennessee limited liability company with principal offices situated at One Park Plaza, Nashville, TN 32703. Defendant may be served through its registered agent CT Corporation System. 1200 South Pine Island Road, Plantation, FL 33324.

7. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another, or which were obtained by Defendant after default, or which Defendant treats as in default.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**FACTUAL ALLEGATIONS**

12. In connection with the collection of the Debt, and beginning in approximately January 2015, Defendant placed multiple calls to Plaintiff's telephone number, and each time, left the following, prerecorded voice message:

> Hello. We are calling from NPAS Solutions on behalf of Regional Medical Center Bayonet Point. Please return our call at (866) 258-1104, Monday through Friday during normal business hours. Thank you.

13. Defendant left the above voice message for Plaintiff on January 30, 2015, February 2, 2015, February 17, 2015, March 3, 2015 at 10:03 A.M., May 26, 2015 at 2:05 P.M.; and, June 2, 2015.

14. Defendant's prerecorded voicemail messages failed to notify Plaintiff that the communications are from a debt collector.

15. Defendant's failure to disclose that it is a debt collector is particularly important because its voicemail messages referenced Regional Medical Center Bayonet Point. Thus, a consumer could reasonably believe that Defendant was a healthcare provider or had important medical information to convey. As a result, consumers may be induced to return calls they believe are healthcare-related, when, in fact, they are attempts to collect debts.

16. Upon information and belief, it is Defendant's practice to leave voicemail messages for consumers wherein Defendant fails to disclose that it is a debt collector as required by the FDCPA.

**CLASS ALLEGATIONS**

17. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of one Class of similarly situated consumers consisting of the following:

3

> All persons (1) located in Florida, (2) for whom NPAS Solutions, LLC left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) where the caller failed to state that NPAS Solutions, LLC was a debt collector.

Excluded from the Class is Defendant, the officers and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

18. Upon information and belief, the proposed Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

19. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all claims of the members of the Class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injuries as each member of the Class. Plaintiff has retained counsel experienced and competent in class action litigation.

20. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

21. Upon information and belief, issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that

Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. Defendant's failure to meaningfully disclose its identity;

    c. Defendant's failure to disclose that it is a debt collector;

    d. the existence of Defendant's identical conduct particular to the matters at issue;

    e. the availability of statutory penalties; and

    f. the availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21.

23. The FDCPA at 15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    \*    \*    \*

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity. (emphasis added).

24. Defendant's voicemail message failed to notify Plaintiff that the communications were from a debt collector.

25. As such, Defendant violated 15 U.S.C. § 1692d(6) by not providing meaningful disclosure of its identity.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 21.

27. The FDCPA at 15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(emphasis added).

28. Defendant's voicemail message failed to notify Plaintiff that the communications were from a debt collector.

29. As such, Defendant violated 15 U.S.C. § 1692e(11).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendants violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11), and enjoining Defendant from further violations of 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11);

C. Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k;

E. Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED:  July 27, 2015                    Respectfully submitted,


*/s/ James L. Davidson*
JAMES L. DAVIDSON
JESSE S. JOHNSON
**Greenwald Davidson Radbil PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed Class